Argued May 16, affirmed August 8, 1978

McCUTCHEN, *Petitioner,*
*v.*
WORKERS' COMPENSATION DEPARTMENT,
*Respondent.*
(No. DD 78829, CA 9989)
582 P2d 56

Thomas E. McDermott, III, Portland, argued the cause for petitioner. With him on the brief was Lindsay, Nahstoll, Hart, Neil & Weigler, Portland.

Gregory A. Parker, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Petitioner seeks reversal of an order of the Workers' Compensation Board which denied his petition for distribution of settlement proceeds and in effect denied approval of a proposed settlement between him and a non-complying employer against whom he had brought an action in federal court.

Petitioner sustained an injury while working in Oregon for a Washington corporation. His Washington compensation claim was initially denied on the ground that he was an Oregon worker at the time of the injury. He did not appeal that denial. The Oregon Workers' Compensation Board subsequently ruled that he was an Oregon worker at the time of the injury. The board also ruled that the Washington corporation was a non-complying employer and ordered the State Accident Insurance Fund (SAIF) to accept petitioner's claim. Petitioner elected under ORS 656.578 to initiate a negligence action against the non-complying employer and sued in a federal district court.

After the initiation of the action, the employer— who was in poor financial condition—informally sought relief from the Washington Department of Labor and Industries. For reasons not disclosed in the record, the Washington authorities reversed their earlier ruling and accepted petitioner's claim. He appealed that decision, apparently fearing that the acceptance of his Washington claim could bar his federal court action.[1]

After learning of the employer's financial condition and Washington's willingness to accept his claim, petitioner tentatively agreed with the employer to settle the federal proceeding for $7,000. At about the same time, he discovered that the Washington authorities intended to reimburse SAIF for compensation

---

[1] We need not decide the permissibility under Washington law of a claimant's appeal from an award of compensation.

payments already made to him, amounting to approximately $18,000. He began to negotiate with SAIF for approval of the proposed settlement as required by ORS 656.587.[2] Eventually, he offered the following "settlement proposal" for SAIF approval: He would simultaneously request that SAIF deny his claim and that his appeal of Washington's acceptance of his claim be dismissed. The Washington authorities would pay all future compensation and would fully reimburse SAIF for benefits already paid. He would dismiss with prejudice the federal action and would receive $7,000 directly from the employer. Any action by the Workers' Compensation Board against the non-complying employer would be dismissed. A final provision of the proposed "settlement" was that the $7,000 to be paid by the employer, together with the $18,000 to be paid by the Washington Department of Labor and Industries to SAIF, be disbursed as provided by ORS 656.593.

SAIF rejected the proposal. He then filed with the Workers' Compensation Board his "petition for distribution of settlement proceeds." In effect, he was seeking approval of the settlement proposal. *See* ORS 656.587 (*supra*, n1). Although there may have been other grounds for disapproval of the settlement proposal, the Workers' Compensation Board treated the petition as presenting the single issue of whether petitioner was entitled to the requested distribution. That is the sole issue presented in this appeal.

ORS 656.578 provides:

"If a worker of a noncomplying employer receives a compensable injury in the course of his employment, or if a worker receives a compensable injury due to the negligence or wrong of a third person (other than those

---

[2] ORS 656.587:

"Any compromise by the worker or other beneficiaries or the legal representative of the deceased worker of any right of action against an employer or third party is void unless made with the written approval of the paying agency or, in the event of a dispute between the parties, by order of the board. ORS 656.236 does not apply to compromises and settlements under ORS 656.578 to 656.597."

exempt from liability under ORS 656.018), entitling him under ORS 656.154 to seek a remedy against such third person, such worker or, if death results from the injury, the other beneficiaries shall elect whether to recover damages from such employer or third person. * * *"

ORS 656.593 provides:

"* * * The proceeds of any damages recovered from an employer or third person by the worker or beneficiaries shall be subject to a lien of the paying agency for its share of the proceeds as set forth in this section and the total proceeds shall be distributed as follows:

"(a) Costs and attorney fees incurred shall be paid, such attorney fees in no event to exceed the advisory schedule of fees established by the board for such actions.

"(b) The worker or his beneficiaries shall receive at least 25 percent of the balance of such recovery.

"(c) The paying agency shall be paid and retain the balance of the recovery, but only to the extent that it is compensated for its expenditures for compensation, first aid or other medical, surgical or hospital service, and for the present value of its reasonably to be expected future expenditures for compensation and other costs of the worker's claim under ORS 656.001 to 656.794 exclusive of any compensation which may become payable under ORS 656.273 or 656.278.

"(d) The balance of the recovery shall be paid to the worker or his beneficiaries forthwith. Any conflict as to the amount of the balance which may be retained by the paying agency shall be resolved by the board.

"(2) The amount retained by the worker or his beneficiaries shall be in addition to the compensation or other benefits to which such worker or beneficiaries are entitled under ORS 656.001 to 656.794.

"(3) A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds as may be just and proper and the worker or his beneficiaries shall receive the amount to which he would be entitled for a recovery under subsections (1) and (2) of this section. Any conflict as to what may be a just and proper distribution shall be resolved by the board."

The question is whether the money paid (or proposed to be paid) by the Washington authorities to reimburse SAIF for payments it had made are subject to ORS 656.593.[3] They are not. That sum was not the proceeds of any damages recovered from an employer or a third person whose negligent or wrongful behavior caused *the injury*. The Washington Department of Labor and Industries was not a party to any proceeding brought by petitioner, and he had no claim for damages whatsoever against the Washington authorities. The funds were to be paid directly to SAIF to put SAIF in the same position it would 'have been in had the Washington claim not been rejected in the first instance.

Petitioner argues that he is entitled to the requested distribution because his initiation of the federal proceeding was the impetus for Washington's acceptance of his claim. Even if the latter assertion were supported by the record (and it is not), the reimbursed funds would not be within the express limitations of ORS 656.593.

Affirmed.

---

[3]The $7,000 to be paid appellant by the non-complying employer is a different matter. The Board's denial was limited to the specific proposal presented, which requested disbursement of both the $7,000 and the $18,000.